NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
DEC 0 6 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-329-JMH

GARY C. GAMBLE               PLAINTIFF

VS.       **MEMORANDUM OPINION AND ORDER**

STEVEN HANEY, WARDEN, ET AL.               DEFENDANTS

Gary C. Gamble, the *pro se* plaintiff who is confined n the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky, filed a complaint under 42 U.S.C. §1983 [Record No. 1] and an Amended Complaint [Record No. 3]. The plaintiff named the following persons and/or entities as defendants: (1) Steven Haney, Warden of the KSR; (2) Mr. Brisco, whom the plaintiff identifies as the "2nd Warden" of the KSR; (3) Lt. Misty James of the KSR; (4) Sgt. Embry of the KSR; and (5) the Kentucky Department of Corrections.

This matter is now before the Court for consideration of the plaintiff's "First Request to Dismissed {Sic} the Above Style Action and Case Number Civil Action No. 05-CV-329-JMH" which the plaintiff filed herein on December 2, 2005 [Record No. 5]. The plaintiff states that he no longer wishes ". . . to tie down the courts any longer out of respect for the courts and judges alike." [*Id*]. The plaintiff further states that he is "tired of the struggle." [*Id*.]. The plaintiff seeks voluntary dismissal of this action. Federal Rule of Civil Procedure 41(a)(1), which governs voluntary dismissals, reads in pertinent part as follows:

> **Rule 41.** Dismissal of Actions
> (A) Voluntary Dismissal: Effect Thereof.
>     (1) By Plaintiff; by Stipulation. Subject to the

provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

*Id.*

Ordinarily, a district court has no discretion to deny a Rule 41(a)(1) notice of dismissal. *Eddins v. Summers*, 230 F.3d 1358, 2000 WL 1478355 (6th Cir. (Tenn.) Sept. 27, 2000) (unpublished disposition) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). Consequently, the plaintiff's voluntary "Motion to Dismiss" [Record No. 5] is **GRANTED**.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) The plaintiff's "First Request to Dismissed {Sic} the Above Style Action and Case Number Civil Action No. 05-CV-329-JMH"[Record No. 5], construed as a voluntary "Motion to Dismiss" under Rule 41, is **GRANTED**, and the plaintiff's claims are dismissed without prejudice.

(2) Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the 6th day of December, 2005.

*[signature]*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: